IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PATRICK SUDELL,<br>Register No. 1019076, | )<br>)<br>) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4116-CV-C-NKL |
| | ) | |
| ALGOA CORRECTIONAL CENTER,<br>et al., | )<br>)<br>) | |
| Defendants. | ) | |

## **REPORT, RECOMMENDATION AND ORDER**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On December 6, 2004, an order was entered vacating the court's previous September 21, 2004, recommendation to dismiss plaintiff's claims against employees of Algoa Correctional Center, and plaintiff was granted leave to proceed on his claims of deliberate indifference regarding his injury resulting from falling on the steps at Algoa Correctional Center. An order directing the Attorney General of Missouri to notify the court for which defendants they would and would not waive service of process was inadvertently omitted.

On December 28, 2004, defendants Dry, Pauley, Crowe, Hagenhoff, McClane, Murphy, Estrella, Green and Durham filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 4(m), for failure to timely serve defendants within 120 days of plaintiff"s filing his complaint. Plaintiff filed a response on February 11, 2005, referencing the December 6, 2004, order. Defendants subsequently filed a reply and a motion to strike plaintiff's response, arguing that plaintiff's response was not timely filed. Plaintiff filed a response to defendants' motion to strike.

Upon consideration, and pursuant to this court's December 6, 2004, order, defendants' motion to dismiss will be recommended denied and defendants will be ordered to notify the court whether they will or will not waive service of process as to defendants named in plaintiff's claims of deliberate indifference regarding his injury resulting from falling on the steps at Algoa Correctional Center.

Defendants' motion to strike plaintiff's response to defendants' motion to dismiss as untimely is denied. Pursuant to the Federal Mailbox Rule, the court finds that plaintiff's submitting his letter (response to defendants' motion to dismiss) to prison authorities for mailing in compliance with the February 8, 2005, deadline, ordered by the court in the show cause order issued on January 19, 2005, is sufficient for the court to determine that plaintiff's response to defendants' motion to dismiss was timely filed. *See Sulik v. Taney County, Mo.*, 316 F.3d 813, 815 (8th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 270-76 (1988)) (pro se prisoner's notice of appeal should be deemed filed when the prison delivers it to the warden for forwarding to the district court).

On February 11, 2005, plaintiff filed a motion to amend. On February 17, 2005, defendants filed suggestions in opposition. Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. Here, plaintiff seeks to clarify the issues for trial and give defendants better notice of the claims being asserted against them. Furthermore, the court notes that defendants have not filed an answer or motions pertaining to the merits of plaintiff's claims; thus, defendants are not likely to suffer undue prejudice.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to file a third amended complaint [18]. It is further

ORDERED that defendants file a responsive pleading in accord with the provisions of Fed. R. Civ. P. 12. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants they will and will not waive service of process as to plaintiff's claims of deliberate indifference regarding in his injury resulting from falling on the steps at Algoa Correctional Center. It is further

ORDERED that defendants' motion to strike plaintiff's response to defendants' motion to dismiss is denied [20]. It is further

RECOMMENDED that defendants' motion to dismiss be denied [15].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 22nd day of March, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge